| | |
|---|---|
| LINDSEY M. BARR<br><br>Plaintiff,<br><br>v.<br><br>HEATHER TUCKER, in her official and personal capacities as Principal of McAllister Elementary School, *et al*.<br><br>Defendants. | CIVIL ACTION NO.:<br>4:22-CV-00226-WTM-CLR |

# DEFENDANTS' ANSWER AND RESPONSIVE PLEADINGS

Defendants Heather Tucker, Debi McNeal, Paul Brooksher, and Trey Robertson (hereinafter "Defendants"), by and through their undersigned counsel, respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint against Defendants fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

## SECOND DEFENSE

Plaintiff was not deprived of any federal, constitutional, or statutory right as a result of the application of any policy, practice or custom of the Bryan County School District.

## THIRD DEFENSE

Defendants Heather Tucker, Debi McNeal, Paul Brooksher, and Trey Robertson in their individual capacity did not violate clearly established law of which reasonable public officials

would be on notice in the performance of their discretionary duties; therefore, they are entitled to the defense of qualified immunity.

**FOURTH DEFENSE**

Plaintiff's speech was not protected by the First Amendment of the United States Constitution.

**FIFTH DEFENSE**

In responding to the separately numbered paragraphs of Plaintiff's Complaint, Defendants state as follows:

**INTRODUCTION**

1.

Defendants deny the first sentence of paragraph 1 of Plaintiff's Complaint and are without sufficient knowledge to either admit or deny the second sentence of this paragraph. Defendants admit the last sentence of paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit the allegations of paragraph 2 of Plaintiff's Complaint.

3.

Defendants are without sufficient knowledge to either admit or deny the first sentence of paragraph 3 of Plaintiff's Complaint, admit the second sentence of this paragraph, and deny the remaining allegations of paragraph 3.

4.

Defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

## JURISDICTION & VENUE

6.

Defendants admit the allegations of paragraph 6 of Plaintiff's Complaint.

7.

Defendants admit the allegations of paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit the allegations of paragraph 8 of Plaintiff's Complaint but deny that Plaintiff is entitled to the relief she seeks.

9.

Defendants admit the allegations of paragraph 9 of Plaintiff's Complaint.

## THE PARTIES

10.

Defendants admit the allegations of paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit the allegations of paragraph 11 of Plaintiff's Complaint.

12.

Defendants admit that Defendant Tucker has supervisory responsibility over substitute teachers at MES but deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the first sentence of paragraph 13 of Plaintiff's Complaint but deny the second sentence.

14.

Defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations of paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit the first, second, and last sentences of paragraph 16 of Plaintiff's Complaint but deny the remaining allegations of this paragraph.

17.

Defendants admit the allegations of paragraph 17 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

**A. Lindsey is a Highly Qualified Teacher and Mother.**

18.

Defendants admit the allegations of paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit the first sentence of paragraph 19 of Plaintiff's Complaint but deny the second sentence of this paragraph.

20.

Defendants admit the first sentence of paragraph 20 of Plaintiff's Complaint but deny the second sentence of this paragraph.

21.

Defendants deny that Defendant Tucker was principal during the time period referenced paragraph 21 of Plaintiff's Complaint but admit the remaining allegations of this paragraph.

22.

Defendants admit that Plaintiff and her husband have three children but deny the remaining allegations of paragraph 22 of Plaintiff's Complaint.

23.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 23 of Plaintiff's Complaint.

24.

Defendants admit the allegations of paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny that substitute teachers have no discretionary role and admit the remaining allegations of paragraph 25 of Plaintiff's Complaint.

26.

Defendants admit the allegations of paragraph 26 of Plaintiff's Complaint.

27.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 27 of Plaintiff's Complaint.

28.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 28 of Plaintiff's Complaint.

29.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 29 of Plaintiff's Complaint.

30.

Defendants admit the allegations of paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 33 of Plaintiff's Complaint.

**B. Lindsey Expresses Concerns About a Book in Conflict with Her Sincerely Held Religious Beliefs and Asks That Her Children Be Excused from Its Presentation.**

34.

Defendants deny that the school's librarian presents the same book to every class in the school and are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 34 of Plaintiff's Complaint.

35.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 35 of Plaintiff's Complaint.

36.

The allegations of this paragraph refer to illustrations, which speak for themselves and to which a response is not required. To the extent a response is required, Defendants deny that Plaintiff has accurately and completely described the illustrations.

37.

Defendants are without sufficient knowledge or information to admit or deny the

allegations of paragraph 37 of Plaintiff's Complaint.

38.

Defendants admit the allegations of paragraph 38 of Plaintiff's Complaint.

39.

Defendants admit that Plaintiff also asked her children's teachers to excuse them from reading the book but deny that it was at a time when she was not performing duties as a substitute teacher. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 39 of Plaintiff's Complaint.

40.

Defendants admit the allegations of paragraph 40 of Plaintiff's Complaint.

41.

Defendants admit the allegations of paragraph 41 of Plaintiff's Complaint.

42.

Defendants admit the allegations of paragraph 42 of Plaintiff's Complaint.

43.

Defendants admit the first and last sentence of this paragraph. The remaining allegations of this paragraph refer to illustrations, which speak for themselves and to which a response is not required. To the extent a response is required, Defendants deny that Plaintiff has accurately and completely described the illustrations.

44.

Defendants admit the allegations of paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations of paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations of paragraph 46 of Plaintiff's Complaint.

**C. Lindsey is Fired for Expressing Her Concerns.**

47.

Defendants are without sufficient knowledge or information to admit or deny the first sentence of paragraph 47 of Plaintiff's Complaint but admit the remaining allegations of this paragraph.

48.

Defendants deny the allegations of paragraph 48 of Plaintiff's Complaint.

49.

Defendants admit the allegations of paragraph 49 of Plaintiff's Complaint.

50.

Defendants admit the allegations of paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny the allegations of paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny the first sentence of paragraph 52 of Plaintiff's Complaint but admit the second sentence of this paragraph.

53.

Defendants admit the allegations of paragraph 53 of Plaintiff's Complaint.

54.

Defendants admit that Defendant McNeal complied with Defendant Tucker's request to remove Plaintiff as substitute at MES but deny the remaining allegations of paragraph 54 of

Plaintiff's Complaint.

55.

Defendants deny the allegations of paragraph 55 of Plaintiff's Complaint.

56.

Defendants admit the allegations of paragraph 56 of Plaintiff's Complaint.

57.

Defendants admit the allegations of paragraph 57 of Plaintiff's Complaint.

58.

Defendants admit the allegations of paragraph 58 of Plaintiff's Complaint.

**D. Lindsey's Termination is Ratified by the Superintendent and Assistant Superintendent.**

59.

Defendants admit that Plaintiff's counsel sent a letter, which speaks for itself. Defendants state that Defendant Robertson did not see the letter until after September 16.

60.

Defendants admit that Plaintiff's counsel sent an email, which speaks for itself. Defendants state that Defendant Robertson did not see the email until after September 16.

61.

Defendants deny the allegations of paragraph 61 of Plaintiff's Complaint.

62.

Defendants deny the allegations of paragraph 62 of Plaintiff's Complaint.

63.

Defendants deny the allegations of paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations of paragraph 64 of Plaintiff's Complaint.

65.

Defendants deny the allegations of paragraph 65 of Plaintiff's Complaint.

66.

Defendants deny the allegations of paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations of paragraph 67 of Plaintiff's Complaint.

68.

Defendants admit the allegations of paragraph 68 of Plaintiff's Complaint.

69.

Defendants admit the allegations of paragraph 69 of Plaintiff's Complaint.

70.

Defendants admit that an email was sent that included the quoted parts of paragraph 70 of Plaintiff's Complaint but deny the remaining allegations of this paragraph.

**FIRST CAUSE OF ACTION**
**RETALIATION FOR PLAINTIFF'S EXERCISE OF HER RIGHT TO FREE SPEECH (42 U.S.C. § 1983)**

71.
Defendants incorporate their responses to paragraphs 1 through 70 above in response to the allegations of paragraph 71 of Plaintiff's Complaint.

72.

Defendants admit the allegations of paragraph 72 of Plaintiff's Complaint.

73.

Defendants deny the allegations of paragraph 73 of Plaintiff's Complaint.

74.

Defendants admit the allegations of paragraph 74 of Plaintiff's Complaint.

75.

Defendants deny the allegations of paragraph 75 of Plaintiff's Complaint.

76.

Defendants deny the allegations of paragraph 76 of Plaintiff's Complaint.

77.

Defendants deny the allegations of paragraph 77 of Plaintiff's Complaint.

78.

Defendants deny the allegations of paragraph 78 of Plaintiff's Complaint.

79.

Defendants deny the allegations of paragraph 79 of Plaintiff's Complaint.

80.

Defendants deny the allegations of paragraph 80 of Plaintiff's Complaint.

81.

Defendants deny the allegations of paragraph 81 of Plaintiff's Complaint.

### SECOND CAUSE OF ACTION
### UNCONSTITUTIONAL CONTENT AND/OR VIEWPOINT
### DISCRIMINATION (42 U.S.C. § 1983)

82.

Defendants incorporate their responses to paragraphs 72 through 81 above in response to the allegations of paragraph 82 of Plaintiff's Complaint.

83.

Defendants admit the allegations of paragraph 83 of Plaintiff's Complaint.

84.

Defendants admit the allegations of paragraph 84 of Plaintiff's Complaint.

85.

Defendants deny the allegations of paragraph 85 of Plaintiff's Complaint.

86.

Defendants admit that no disciplinary action was taken against the other employees referred to in paragraph 86 of Plaintiff's Complaint but deny the remaining allegations of this paragraph.

87.

Defendants deny the allegations of paragraph 87 of Plaintiff's Complaint.

88.

Defendants deny the allegations of paragraph 88 of Plaintiff's Complaint.

89.

Defendants deny the allegations of paragraph 89 of Plaintiff's Complaint.

90.

Defendants deny the allegations of paragraph 90 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT TO FREE EXERCISE OF RELIGION (42 U.S.C. § 1983)

91.

Defendants incorporate their responses to paragraphs 83 through 90 above in response to the allegations of paragraph 91 of Plaintiff's Complaint.

92.

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph 92 of Plaintiff's Complaint.

93.

Defendants deny the allegations of paragraph 93 of Plaintiff's Complaint.

94.

Defendants deny the allegations of paragraph 94 of Plaintiff's Complaint.

95.

Defendants deny the allegations of paragraph 95 of Plaintiff's Complaint.

96.

Defendants deny the allegations of paragraph 96 of Plaintiff's Complaint, including the relief sought in the subparts.

**GENERAL DENIAL**

All allegations of Plaintiff's Complaint, which have not been admitted, denied, or otherwise responded to above, are hereby denied.

Based on the foregoing, Defendants state that Plaintiff is not entitled to any of the relief prayed for in the Complaint.

WHEREFORE, having fully answered, Defendants pray for judgment in their favor and against Plaintiff, to be discharged without costs and to be awarded such costs, attorney's fees and relief as this Court may deem equitable and proper.

This 31st day of October, 2022.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526
Aparesh Paul
Georgia Bar No. 362648

ATTORNEYS FOR DEFENDANTS

340 Jesse Jewell Parkway Ste. 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Email: hnguyen@hhhlawyers.com
apaul@hhhlawyers.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2022, I electronically filed the *Defendants' Answer and Responsive Pleadings to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                                            HARBEN, HARTLEY & HAWKINS, LLP

| | |
|---|---|
| Gateway Professional Center | */s/ Hieu M. Nguyen* |
| 340 Jesse Jewell Parkway; Suite 750 | Hieu M. Nguyen |
| Gainesville, Georgia 30501 | Georgia Bar No.: 382526 |
| Telephone: (770) 534-7341 | |
| Email: hnguyen@hhhlawyers.com | |

                                            ATTORNEY FOR DEFENDANTS